**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                     )

| | |
|---|---|
| **JON BOURASSA,** )<br>                   **Plaintiff,** )<br>**v.** )<br>   )<br>**MASSCOR OPTICAL INDUSTRIES,** )<br>**COLETTE GOGUEN, DAVID R. TOWER,** )<br>**ASHLEE ARMEY, KELLEN F. JOYCE,** )<br>**JASON HAYDEN, TIMOTHY ZABEK,** )<br>**and MICHAEL HILL,** )<br>          **Defendants.** )<br>_____ ) | **CIVIL ACTION**<br>**NO. 4:18-40152-TSH** |

## ORDER AND MEMORANDUM ON DEFENDANTS' MOTIONS TO DISMISS (Docket Nos. 82)

**January 13, 2020**

**HILLMAN, D.J.**

Jon Bourassa ("Plaintiff") filed this action against David R. Tower ("Mr. Tower"), Ashlee Armey ("Ms. Armey"), Kellen F. Joyce ("Ms. Joyce"), and Jason Hayden ("Mr. Hayden") (collectively, "Defendants"), among others, alleging cruel and unusual punishment in violation of the Eighth Amendment, violations of M.G.L. c. 149 § 185, intentional infliction of emotional distress, failure to protect, and gross and criminal negligence. (Docket No. 1). After screening Plaintiff's complaint, this Court allowed Plaintiff to proceed on his cruel and unusual punishment, intentional infliction of emotional distress, and failure to protect claims against Defendants in their individual capacities. (Docket No. 13). Defendants now move to dismiss these claims. (Docket Nos. 82). For the following reasons, the Court **_grants in part_** and **_denies in part_** the motion.

**<u>Background</u>**[1]

Plaintiff is an incarcerated inmate who worked for MassCor Optical Industries, Inc. ("MassCor"), a vocational and employment program run by the Massachusetts Department of Corrections. (Docket No. 1 at 8, 10). On February 19, 2018, Plaintiff informed Ms. Armey, an instructor at MassCor, that two inmates, Michael Hill ("Mr. Hill") and Timothy Zabek ("Mr. Zabek"), had stolen frames out of the frame room. (Docket No. 1 at 10). Ms. Joyce, a MassCor representative, was present during this conversation. (Docket No. 1 at 10).

On February 26, 2018, Mr. Tower, the main supervisor at MassCor, fired Plaintiff. (Docket No. 1 at 11). That same day, officers searched the cells of Mr. Hill and Mr. Zabek but did not find any stolen frames. (Docket No. 1 at 11). Ms. Armey told Mr. Hill and Mr. Zabek that "the person fired today," i.e., Plaintiff, "was the one who informed her that they were stealing." (Docket No. 1 at 11). Mr. Hayden, an Inner Security Parameter Security Officer, similarly informed Mr. Hill and Mr. Zabek that Plaintiff "was the one who supplied the information that caused them to be searched." (Docket No. 1 at 11). Mr. Hill and Mr. Zabek threatened Plaintiff for reporting them and "caus[ed] [him] to live in fear." (Docket No. 1 at 11).

Plaintiff filed an informal complaint with the Department of Corrections on March 6, 2018, alleging that that Ms. Armey put his life in danger by informing Mr. Hill and Mr. Zabek about his report. (Docket No. 1-2 at 5). Ms. Armey received a copy of his complaint and allegedly shared it with Mr. Hill. (Docket No. 1 at 11). Mr. Hill informed other inmates about the complaint and stated that Plaintiff "was a rat and needs to be dealt[] with." (Docket No. 1 at 12). After the Department of Corrections denied his informal complaint, Plaintiff filed a formal

---

[1]     The following facts are taken from Plaintiff's complaint (Docket No. 1) and assumed true for the purposes of this motion.

grievance stating that he had received threats as a result of Ms. Armey disclosing his report and the contents of his informal complaint. (Docket No. 1-2 at 5). Ms. Armey allegedly shared the formal grievance with Mr. Hill, who disclosed its contents to the general prison population, "causing [Plaintiff] to live in fear." (Docket No. 1 at 12).

The Department of Corrections denied Plaintiff's formal grievance in July 2018. (Docket No. 1 at 12). He appealed the denial without success. (Docket No. 1 at 12). Plaintiff then filed a complaint in this Court. (Docket No. 1). Defendants moved to dismiss on November 6, 2019. (Docket No. 82).

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Because Plaintiff appears *pro se*, the Court construes his pleadings more favorably than it would those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, Plaintiff must comply with procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

<u>**Discussion**</u>

*1. Ms. Armey*

Plaintiff makes three main allegations against Ms. Armey: (1) He told Ms. Armey that Mr. Hill and Mr. Zabek were stealing frames from MassCor's frame room (Docket No. 1 at 11); (2) Ms. Armey informed Mr. Hill and Mr. Zabek that Plaintiff was the one who had reported them after their rooms were searched (Docket No. 1 at 11); and (3) Ms. Armey disclosed the contents of Plaintiff's informal complaint and formal grievance to Mr. Hill, who passed that information on to other inmates, "causing [Plaintiff] to remain living in fear" (Docket No. 1 at 12).

Construing these allegations favorably, the Court finds that they suffice to state a claim for cruel and unusual punishment, intentional infliction of emotional distress, and failure to protect. Plaintiff alleges that Ms. Armey's actions—informing Mr. Hill and Mr. Zabek that Plaintiff had reported them and sharing the details of Plaintiff's informal complaint and formal grievance with Mr. Hill—caused him to receive threats from other inmates. Plaintiff also alleges facts allowing the Court to reasonably infer that Ms. Armey knew the effect that at least some of her disclosures would have on Plaintiff's safety when she made them. In his informal complaint, for example, Plaintiff contends that Ms. Armey put his life in danger by informing Mr. Hill and Mr. Zabek about his report. (Docket No. 1-2 at 5). Ms. Armey received a copy of this complaint, putting her on notice of the danger to Plaintiff. She nonetheless proceeded to inform Mr. Hill about its contents. (Docket No. 1 at 12). Similarly, in his formal grievance, Plaintiff states that he received threats as a result of Ms. Armey disclosing his report and the contents of

his informal complaint to Mr. Hill and/or Mr. Zabek.  (Docket No. 1-2 at 5).  Ms. Armey

received a copy of his grievance, putting her on notice of the danger to Plaintiff, but still chose to

inform Mr. Hill about its contents.  (Docket No. 1 at 12).  Because Plaintiff has pled plausible

entitlement to relief, the Court declines to dismiss the claims against Ms. Armey.[2]

### 2.  *Mr. Tower*

Plaintiff makes two allegations against Mr. Tower: (1) Mr. Tower "did away with the

[vocational] certification program" at MassCor in bad faith (Docket No. 1 at 10); and (2) Mr.

Tower fired Plaintiff without cause on February 26, 2018 (Docket No. 1 at 11).  Even construing

these allegations generously, they fail to plausibly establish entitlement to relief for cruel and

unusual punishment, intentional infliction of emotional distress, or failure to protect.  The Court

therefore dismisses the claims against Mr. Tower.

### 3.  *Ms. Joyce*

Plaintiff makes one allegation against Ms. Joyce: (1) Ms. Joyce was present when

Plaintiff informed Ms. Armey of the theft and was fired but "said and did nothing" (Docket No.

1 at 11).  Even construing this allegation generously, it fails to plausibly establish entitlement to

relief for cruel and unusual punishment, intentional infliction of emotional distress, or failure to

protect.  The Court therefore dismisses the claims against Ms. Joyce.

### 4.  *Mr. Hayden*

Plaintiff makes three allegations against Mr. Hayden: (1) Mr. Hayden told Mr. Hill and

Mr. Zabek that Plaintiff had supplied the information causing their rooms to be searched (Docket

---

[2]      Defendants argue that the Court should dismiss on exhaustion grounds.  The Court
disagrees.  Exhaustion is an affirmative defense for which a defendant bears the burden, *see*
*Jones v. Bock*, 549 U.S. 199, 216 (2007), and at this stage in the proceedings, Defendants have
not shown that the Department of Correction requires an inmate to specifically identify all the
parties and legal claims related to an incident when filing a grievance, *see id.* at 217–18.

No. 1 at 11); (2) Mr. Hayden asked Mr. Hill and Mr. Zabek if they were okay living in the same institution as Plaintiff, and they stated they "were not going to do anything" to Plaintiff (Docket No. 1 at 11); and (3) Plaintiff told investigators that Mr. Hayden intended to harm him when Mr. Hayden identified him as the "[r]at" (Docket No. 1 at 12).

Construing these allegations favorably, the Court finds that they suffice to state a claim for cruel and unusual punishment, intentional infliction of emotional distress, and failure to protect. Plaintiff alleges that Mr. Hayden revealed his report of theft to Mr. Hill and Mr. Zabek, causing them to threaten Plaintiff. Plaintiff does not specifically allege that Mr. Hayden intended to harm Plaintiff when Mr. Hayden shared this information—instead, he alleges that he *told investigators* that Mr. Hayden intended to harm him when Mr. Hayden shared this information— but a generous reading of his complaint raises a reasonable inference of an intent to harm. (Docket No. 1 at 12). The Court therefore declines to dismiss the claims against Mr. Hayden.[3]

### Conclusion

For the reasons stated above, Defendants' motion is ***granted in part*** and ***denied in part***. (Docket No. 82). The Court dismisses without prejudice Plaintiff's claims against Mr. Tower and Ms. Joyce. Plaintiff's claims against Ms. Armey and Mr. Hayden survive this motion.[4]

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[3]    Again, the Court declines to dismiss on exhaustion grounds because Defendants have not shown that the Department of Correction requires an inmate to specifically identify all the parties or legal claims related to an incident when filing a grievance. *See Bock*, 549 U.S. at 217–18.

[4]    The Court declines Defendants' invitation to rule on summary judgment or the applicability of a qualified immunity defense at this stage in the proceedings. The Court requires a more fulsome development of the factual record to assess the merits of the arguments raised by Defendants.